MARIE JESS, APPELLEE, V. WILLIAM JESS, APPELLANT.

11 N. W. (2d) 763

FILED NOVEMBER 12, 1943. No. 31575.

*Harry Grimminger*, for appellant.

*B. J. Cunningham*, contra.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

Here the plaintiff filed a petition asking for a divorce from bed and board, for equitable relief, a division of property and alimony. Defendant filed a cross-petition asking for an absolute divorce. At the close of the trial, by leave of court, plaintiff amended the prayer of her petition asking for an absolute divorce. The trial court granted the divorce to the plaintiff, awarded her the equity in the home, the furniture, allowed $75 a month as alimony beginning September 15, 1942, to continue "until the further order of this court" and allowed plaintiff attorney's fees in the sum of $150. The defendant appeals assigning as errors the award of all the jointly accumulated property to the plaintiff, the award of alimony both as to amount and because it

was without limitation as to time, and contends that the attorney's fee allowed is excessive. Defendant concluding his argument submits that "plaintiff should have no monthly recovery and no permanent alimony, and that the attorney's fee should be reduced to $50."

It is not contended that the trial court erred in the granting of the divorce. A review of the evidence sustains the finding of the trial court in that regard. The evidence will not be stated here except in so far as it relates to the assignments of error.

The plaintiff and defendant have been married well over a third of a century. They raised and educated two children. They were respectively 60 and 61 years of age at the time of the trial. They were without funds when married. They worked together on a farm and accumulated property which sold for $3,100. This they invested in a home in Grand Island. It was later sold and a second and costlier home purchased, subject to a mortgage. The defendant for over a quarter of a century has been an employee of the Union Pacific Railroad as a brakeman and conductor, working steadily, at a good wage. The plaintiff always carried the pocketbook, the defendant had a not too liberal allowance for spending and away from home living costs. When the daughter attended the university for four years she and the plaintiff moved to Lincoln, taking some of the furniture and the automobile with them. The home was rented and the income applied to the payments on the mortgage. Apparently the parties have not lived together since. The plaintiff made certain, during the time that she and the daughter were in Lincoln, that she received two-thirds of the defendant's earnings, after deductions of fixed charges and payments due on the family car. At the time of the trial both parties were without savings save the equity in the home and the furniture. This the trial court awarded to the plaintiff.

The defendant had received by inheritance from his father a one-fourth interest in 120 acres of land. The trial court quieted title to this land in the defendant.

We think, under the facts of this case, that the trial court erred in allowing alimony to the plaintiff to continue until the further order of the court. It is true that the defendant is gainfully employed and may in a few years be able to retire upon a pension adequate for his care and probably more than he has had for his own use during the time the parties have lived together. However, the plaintiff has had the benefit of the lifetime earnings of this defendant, she has lived well to the extent of his earnings, she has, by the award of the court, been given the entire savings that have been accumulated by their joint efforts. She has not been entirely without fault in the long period of discord that has resulted in their separation. We think that an award of alimony in the sum of $1,500 payable to the plaintiff in monthly instalments as hereinafter set out is all that justice requires.

The decree of the trial court is accordingly reversed and remanded with directions to award the plaintiff the sum of $1,500 as permanent alimony, payable at the rate of $75 a month beginning September 15, 1942, and to continue thereafter at that rate for 15 months, that thereafter the defendant shall pay the plaintiff $25 a month for 12 months, after which time all payments of alimony shall cease. The defendant is to have credit on this award for all payments of alimony made as a result of the decree of the district court.

This case had about the usual number of preliminary proceedings; it was tried in part, due to continuances, on three separate days. Plaintiff's attorney made an effort to secure an adjustment of some of these matters before the action began. We do not consider the fee allowed by the district court to be excessive.

The decree of the district court is affirmed other than as stated herein.

REVERSED, WITH DIRECTIONS.

YEAGER, J., participating on briefs.